UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

STATE OF LOUISIANA

| | |
|---|---|
| **DENNIS LAZARD** | **CIVIL ACTION** |
| **VERSUS** | **JUDGE** |
| **LAFAYETTE POLICE DEPARTMENT THROUGH THE CITY OF LAFAYETTE, AND OFFICER PABLO ESTRADA, AND THOMAS GLOVER SR. - CHIEF OF POLICE** | **STATE OF LOUISIANA** |

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes and appears, **DENNIS LAZARD**, who is of full age of majority and domiciled in Lafayette, Louisiana, who respectfully represents:

**I.**

This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunities secured to the plaintiff by the Fourteenth Amendments to the Constitution of the United States (R.S. 1979, 42 U.S.C. sec. 1983 and sec. 1985), and arising under the law and statues of the State of Louisiana.

**II.**

The jurisdiction of this Court is enveloped under 28 U.S.C. sec. 1343(3), this being an action authorized by law to redress the deprivation under color of state law, statute, ordinance, regulation, custom, and usage of a right, privilege, and immunities secured to plaintiff by the

Fourteenth Amendments to the Constitution of the United States. Plaintiff also invokes the pendent jurisdiction of this Court as to state law claims.

Venue is proper in the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1391 because defendants reside in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

### III.

Herein made defendants are:

1. **LAFAYETTE POLICE DEPARTMENT**, a municipality of the City of Lafayette, State of Louisiana;

2. **THE CITY OF LAFAYETTE**, a governmental division of the State of Louisiana;

3. **OFFICER PABLO ESTRADA**, individually and in his capacity as an employee of the Lafayette Police Department. Plaintiff is informed and believes that this defendant is a competent major, domiciled in the Parish of Lafayette, who at all times relevant hereto worked at the Lafayette Police Department; and

4. **CHIEF OF POLICE THOMAS GLOVER SR.**, in his official capacity as Chief of Police for the City of Lafayette in Lafayette Parish, Louisiana. Plaintiff is informed and believes that this defendant is a competent major, domiciled in the Parish of Lafayette, who at all times relevant hereto was elected Chief of Police for the City of Lafayette.

### IV.

On or about November 26, 2020, Officer Pablo Estrada was dispatched to Plantation Inn, located at 2810 NE Evangeline Thruway, Lafayette, LA 70507, in response to an alleged domestic disturbance. Ms. Lazard states that upon Mr. Estrada's

arrival he relinquished himself into his custody and told him he would put his hands behind his back and comply with him. Despite this, Ms. Lazard states he was then pinned to the ground and dragged to the police cruiser. Mr. Lazard complained his cuffs were too tight and hurting him, which is when he was told to stop resisting and punched in the chest, had some of his dreads pulled out, which Dennis Lazard's girlfriend, Ms. Washington, still has, and had his leg twisted by an officer causing him great pain. No body cameras are alleged to have been functioning or recording when this incident occurred.

The officers then brought Mr. Lazard to Lafayette Parish Correctional Center on battery of a pregnant partner and resisting an officer. Ms. Washington contends she never told anyone she was pregnant, never made the statement in a report, nor was she pregnant. However, it was still reported that Mr. Lazard had battered his pregnant girlfriend.

It was at this facility that officer Pablo Estrada is observed on camera footage forcefully shoving and punching Mr. Lazard in the chest in an act of excessive force. Officer Estrada grabbed Mr. Lazard, who was handcuffed, by the shirt and threw him backwards against a wall, causing his head to hit the wall. Mr. Estrada then threw a punch into the gut of Mr. Lazard with such force that Mr. Estrada's feet can be seen planting behind him as he throws all of his force into his fist and Mr. Lazard. Mr. Lazard states he was unable to sit down because of the previous beating he had just received at the hands of Officer Estrada, and that his handcuffs were still too tight.

Finally, On January 29, 2021, Ms. Washington and Mr. Lazard state he was again detained by police who appeared at the same apartment complex of the initial incident. In

this incident Ms. Lazard was again handcuffed and detained, but not charged with any crimes, and eventually let go. It is unknown if Officer Estrada was also present. No known incidents or reports are known to have taken place which necessitated this detainment of Mr. Lazard.

**42 U.S. Code § 1983:**

Section 1983 under Title 42 of the U.S. Code provides redress against those acting under the color of law whose conduct results in the deprivation of a constitutional right. The Fourth and Fourteenth Amendments to the United States Constitution protects persons against uses of excessive force. To be successful on a § 1983 claim, Mr. Lazard would have to show his rights were deprived due to a use of excessive force against him.

Mr. Lazard presented no threat to Officer Estrada. Mr. Estrada had Mr. Lazard handcuffed, in custody, in the police station, without any risk of fleeing, surrounded by other officers, who are all armed, presenting no risk of harm. He spoke courteously to the officer that had every advantage on him but height, a fact which did not make the use of such excessive force necessary, appropriate, or the "minimal level" that could have been used. It is not apparent from the video footage that Mr. Lazard was allegedly non-compliant beyond attempting to explain he could not sit down because of the pain of the handcuffs and the beating he had experienced just before. Nor does it appear that Mr. Lazard was hostile or angry with the officer at any point, which cannot be claimed of Mr. Estrada's actions and words. Officer Estrada punched Mr. Lazard with such force he can be seen having to brace his feet on the floor to deliver the punch. It is void of logic to punch an arrestee in the gut under these circumstances, and after he has already been

literally manhandled and thrown into a wall, while presenting no resistance to Officer Estrada.

## V.

The defendants, including Estrada, acted outside the scope of his jurisdiction and without authorization of law, purposely and with specific intent to deprive plaintiff of their rights to:

    A.    Freedom of unreasonable search and seizure;

    B.    Freedom from unlawful arrests without supporting evidence;

    C.    Freedom from illegal detention/imprisonment; and

    D.    Freedom from physical abuse, coercion, and intimidation, and cruel and unusual punishment.

All of these rights are secured to the plaintiff by the provisions of the Fourth, and Eighth Amendment and due process clause of the Fourteenth Amendment to the Constitution of the United States, and by Title 42 U.S.C. sec. 1983 and sec. 1985, and by Title 18 U.S.C. sec. 245 (1968).

## VI.

Each of the defendants, separately and in concert, acted outside the scope of his jurisdiction and without authorization of law, and purposely, with specific intent, committed the following violations of Louisiana state law.

    A.    False imprisonment;

    B.    Assault and battery;

    C.    Intentional infliction of emotional distress; and

    D.    Invasion of privacy.

**VII.**

The incident was directly and proximately caused by the following acts of negligence of the **LAFAYETTE POLICE DEPARTMENT** together with other possible acts of negligence which are unknown to plaintiff at this time, all of which are in violation of the Federal and state laws and ordinances of the city, parish and/or state and which are specifically pleaded herein:

- a) Failure to adequately hire, train or supervise its employees;
- b) Failure to properly train employees on use of force;
- c) Failure to properly train employees on use of handcuffs;
- d) Failure to properly train employees on their constitutional limitations;
- e) Any negligence which may be proven at a trial on the merits.

**VIII.**

At all pertinent times herein, **OFFICER PABLO ESTRADA** was a law enforcement officer employed by **LAFAYETTE POLICE DEPARTMENT** and was acting in the course and scope of his employment with the **LAFAYETTE POLICE DEPARTMENT**; therefore, **LAFAYETTE POLICE DEPARTMENT** is also vicariously liable for **OFFICER PABLO ESTRADA'S** actions complained of herein.

**IX.**

**DENNIS LAZARD** is legally entitled to recover from the **LAFAYETTE POLICE DEPARTMENT** all damages caused by the incident, including, but not limited to, the following:

- a) Past and future medical expenses;
- b) Past and future lost wages and/or earning capacity;
- c) Past and future mental pain and suffering;

  f)  Loss of enjoyment of life;

  g)  Past and future mental anguish and emotional damages;

  h)  Punitive Damages;

  i)  Attorney fees and,

  j)  All other damages that may be established at trial.

## X.

**DENNIS LAZARD** requests a trial by jury.

**WHEREFORE**, Plaintiff, **DENNIS LAZARD**, prays that the defendants be cited to appear and answer herein and that on final hearing the Court enter judgment in favor of plaintiff and against defendants, **LAFAYETTE POLICE DEPARTMENT THROUGH THE CITY OF LAFAYETTE, OFFICER PABLO ESTRADA, CHIEF OF POLICE THOMAS GLOVER SR., THE CITY OF LAFAYETTE**, for the full sum of plaintiff's damages in such amount as are reasonable in the premises, together with judicial interest and all costs of court.

    Respectfully Submitted:

    **/s/Gregory J. Miller**
    Gregory J. Miller (#17059)
    Miller, Hampton & Hilgendorf
    3960 Government St.
    Baton Rouge, LA 70806
    Phone: (225) 343-2205
    Fax: (225) 343-2870
    GJM@MLHLAW.COM
    *Attorney for Dennis Lazard*